In re HART SKI MFG. CO., INC., Debtor.

BEATRICE FOODS CO., Plaintiff,

v.

HART SKI MFG. CO., INC., Aetna Business Credit Inc., and the Unsecured Creditors' Committee of Hart Ski Mfg. Co., Inc., Defendants.

Bankruptcy No. 3–80–200.
Adv. No. 80–0092.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Sept. 4, 1980.

Richard Holper and Frank Schepers, Minneapolis, Minn., for defendant, Aetna Business Credit, Inc.

Steven Nosek, Minneapolis, Minn., and Floyd Babbitt, Chicago, Ill., for plaintiff, Beatrice Foods Co.

Bruce Faulken and John Yilek, St. Paul, Minn., for defendant, Hart Ski Mfg. Co., Inc.

William Kampf, St. Paul, Minn., for defendant, the Unsecured Creditors' Committee of Hart Ski.

JACOB DIM, Bankruptcy Judge.

The above matter came on for hearing pursuant to a motion for summary judgment of defendant–movant, Aetna Business Credit Inc. (Aetna) on August 19, 1980 before the Honorable Jacob Dim, Bankruptcy Judge. Aetna's motion is the result of a complaint filed by Beatrice Foods Co. (Beatrice) seeking adequate protection or a lifting of the Stay Order in the above Chapter 11 case pursuant to 11 U.S.C. § 362(a) and 11 U.S.C. § 363(c)(3) and § 364(d).

Richard Holper and Frank Schepers appeared on behalf of Aetna. Steven Nosek and Floyd Babbitt appeared on behalf of plaintiff, Beatrice Foods Co. (Beatrice). Bruce Faulken and John Yilek appeared on behalf of defendant, Hart Ski Mfg. Co., Inc. (Hart). William Kampf appeared on behalf of defendant, the Unsecured Creditors' Committee of Hart Ski Mfg. Co., Inc. (the Committee).

Aetna claims by its motion that Beatrice has no right to seek adequate protection or the lifting of the stay herein because of a subordination agreement between it and Beatrice.

Such a subordination agreement does exist and paragraph 2(b) thereof states:

"Creditor (Beatrice), will not, without your (Aetna's) written consent, assert collect, enforce or release the indebtedness or any part thereof or realize any collateral securing the indebtedness or enforce any security agreements, real estate mortgages, lien instruments, or other encumberances securing said indebtedness except that it may collect regularly scheduled payments when and as due as provided above".

In addition, said agreement also provides any monies collected by Beatrice, if Aetna has not been paid in full, shall be paid by Beatrice to Aetna.

11 U.S.C. § 510(a) provides:

"(a) A subordination agreement is enforceable in a case under this title to the same extent that such agreement is enforceable under applicable nonbankruptcy law."

The above section codifies what was existing case law under the prior Bankruptcy Act. See *In the Matter of Credit Industrial Corporation*, 366 F.2d 402 (2nd Cir. 1966).

Some background facts are necessary:

Beatrice originally owned Hart. It sold Hart to the present owners in 1976. As part of the purchase price, Beatrice received a note for approximately $666,000.00 secured by the inventory and accounts receivable generated or to be generated by Hart.

At the time of the sale, in order to obtain financing for the new owners of Hart, Beatrice agreed to subordinate its claim to that of the financing company, Aetna. Beatrice agreed that its interest would be subordinate to the interest of Aetna for all indebtedness of Hart to Aetna then and in the future until all the indebtedness to Aetna was paid.

In 1979 Hart experienced financial difficulties and on February 13, 1980, Hart filed under Chapter 11 of the Bankruptcy Code. At that time Hart owed Aetna approximately $2,069,000.00 and still owed Beatrice the original $666,000.00.

Beatrice alleges that since the commencement of the Chapter 11 Aetna has been paid its prepetition debt. This fact is contested by Aetna. Regardless of whether this fact is true, this Court believes that the subordination agreement is effective to subordi-

nate postpetition debt which presently exceeds $900,000.00.

Excepting the allegation that Aetna has been paid all its prepetition debt, there are no disputed material facts relating to this motion. The issue presents a matter of law which may properly be determined by summary judgment.

The intent of § 510(a) (subordination) is to allow the consensual and contractual priority of payment to be maintained between creditors among themselves in a bankruptcy proceedings. There is no indication that Congress intended to allow creditors to alter, by a subordination agreement, the bankruptcy laws unrelated to distribution of assets.

The Bankruptcy Code guarantees each secured creditor certain rights, regardless of subordination. These rights include the right to assert and prove its claim, the right to seek Court ordered protection for its security, the right to have a stay lifted under proper circumstances, the right to participate in the voting for confirmation or rejection of any plan of reorganization, the right to object to confirmation, and the right to file a plan where applicable. The above rights and others not related to contract priority of distribution pursuant to Section 510(a) cannot be affected by the actions of the parties prior to the commencement of a bankruptcy case when such rights did not even exist. To hold that, as a result of a subordination agreement, the "subordinor" gives up all its rights to the "subordinee" would be totally inequitable.

No prejudice can be shown by Aetna if Beatrice is allowed to assert its claim. Any money collected by Beatrice must be held in trust by Beatrice and paid to Aetna until Aetna is paid in full.

The Court having heard the arguments of counsel, and upon all of the records, files and briefs filed herein:

IT IS ORDERED:

1. That the motion for summary judgment made by Aetna Business Credit Inc. is hereby denied.

2. That Beatrice Foods Co. is entitled to proceed with its complaint seeking adequate protection or lifting of the stay herein and take further actions as are consistent with this Order.

3. That this opinion constitutes the Court's Findings of Fact and Conclusions of Law.